UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bradley L. Winters,<br><br>    Petitioner,<br><br>v.<br><br>Warden R. Marques,<br><br>    Respondent. | Case No. 18-cv-1019 (WMW/HB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

This matter is before the Court on the May 25, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 19.) The R&R recommends denying Petitioner Bradley L. Winters's petition for a writ of habeas corpus and dismissing this case with prejudice. Winters objected to the R&R, and Respondent Warden R. Marques responded to the objections. For the reasons addressed below, the Court overrules Winters's objections and adopts the R&R.

## BACKGROUND[1]

Winters is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota (FCI-Sandstone), with a projected early release date of March 30, 2019. A "Unit Team" at FCI-Sandstone initially recommended that Winters be placed in a pre-release residential reentry center (RRC) on June 5, 2018. FCI-Sandstone referred this recommendation to a field office of the Federal Bureau of Prisons (BOP) Residential Reentry Management Branch (RRMB) to be finalized after consideration of the RRC's

---

[1]     Additional relevant factual background is addressed in the R&R.

resources. After reviewing available RRCs, RRMB staff determined that the most appropriate RRC for Winters would be in Waterloo, Iowa. However, because the Waterloo RRC was operating over its capacity, the RRMB modified FCI-Sandstone's recommended RRC placement date to October 2, 2018, before finalizing the RRC placement decision.

Winters subsequently commenced this action seeking a writ of habeas corpus. Winters challenges the BOP's decision to schedule his pre-release RRC placement for October 2, 2018, rather than June 5, 2018. The R&R recommends denying Winters's petition because he has not established that the BOP's actions are contrary to federal law, violate the Constitution of the United States, or exceed the BOP's statutory authority.

## ANALYSIS

This Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Those portions of an R&R to which no objections are made are reviewed for clear error. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee's note; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

To the extent practicable, the BOP must "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Section 3624(c) does not guarantee that a prisoner will be placed in an RRC, nor does it entitle a prisoner to placement in an RRC for any minimum length of time. *See* 18 U.S.C.

§ 3624(c); *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004). Instead, Section 3624(c) requires the BOP to facilitate a prisoner's transition from the prison system, to the extent practicable, based on the considerations identified in the statute. *See Miller*, 527 F.3d at 757-58; *Elwood*, 386 F.3d at 847.

When making a pre-release community placement determination, the BOP must consider the following five statutory factors: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . .; and (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. §§ 3621(b), 3624(c)(6)(A). The BOP also must make its placement determinations "on an individual basis," and the placements must be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6)(B), (C). A prisoner may challenge his or her pre-release community placement through a habeas petition. *See, e.g.*, *Elwood*, 386 F.3d at 843-44.

Winters first objects to the fact that FCI-Sandstone's Unit Team does not consider all five factors listed in Section 3621(b). Respondent submitted the declaration of Jon Gustin, the Administrator of the RRMB, which describes the method by which the BOP considers the Section 3621(b) factors. Gustin's declaration explains that an inmate's Unit Team at the prison "will primarily consider the factors articulated in § 3621(b)(2)-(b)(5), which focus on factors unique to the individual inmate and of which the inmate's Unit Team has unique knowledge and insight." Thereafter, the Unit Team's recommendation

is forwarded to the RRMB's field office, which will "finalize the recommendation after considering § 3621(b)(1), i.e., the resources of the facility contemplated." Winters's objection suggests that the Unit Team, not the RRMB field office, should consider the Section 3621(b)(1) factor (hereinafter, the "facility resources factor"). But Gustin's declaration does not suggest that the Unit Team *ignores* the facility resources factor. Instead, the Unit Team "primarily consider[s]" the other four factors. Moreover, Winters cites no legal authority—and the Court has found none—to suggest that it is improper for the BOP to bifurcate consideration of the relevant factors between the Unit Team and the RRMB field office, both of which are part of the BOP.[2] For these reasons, the Court overrules this objection.

Winters next argues that the BOP's consideration of the facility resources factor was "not on an individual basis" and that an "inmate must be considered for pre-release community confinement on an individual basis and of sufficient duration to provide the greatest likelihood of successful reintegration into the community." Winters is correct that the pre-release community placement of a prisoner must be determined by the BOP both in a manner consistent with the five factors listed in Section 3621(b)(1) and "on an individual basis." 18 U.S.C. § 3624(c)(6)(A), (B). But nothing in the statute requires the

---

[2]  Winters emphasizes that he is *not* claiming that the Unit Team and the RRMB field office reached two conflicting final decisions. Rather, he maintains that the final placement decision is contrary to law because it is not "of sufficient duration to provide him the greatest likelihood" to successfully reintegrate into the community and the Unit Team "is in the unique position" to make this determination on an individual basis. But Winters's disagreement with the duration of his placement does not render the BOP's actions contrary to law; and there is no legal requirement that a Unit Team must make this determination exclusively or that a Unit Team's initial recommendation must be final.

4

BOP's consideration of *all five* relevant factors to be on a purely individual basis or precludes the BOP from also considering non-individualized circumstances. *Cf. Miller*, 527 F.3d at 757-58 (recognizing that Section 3621(b) does not "preclude the consideration of factors beyond those set forth in the statute" or prohibit the BOP from giving additional weight to a particular factor). As the R&R correctly observes, the very nature of the facility-resources factor in Section 3621(b) requires consideration of facts external to the individual.

According to Winters, the BOP's nationwide policy changes in October 2017, which include ending the practice of placing prisoners into an RRC above that RRC's operating capacity, are contrary to law because they categorically diminished BOP's consideration of RRC placement on an individual basis. In support of this argument, Winters relies on *Krueger v. Martinez*, 665 F. Supp. 2d 477 (M.D. Pa. 2009), and *Strong v. Schultz*, 599 F. Supp. 2d 556 (D.N.J. 2009). Both *Krueger* and *Strong* involved BOP guidance memoranda that required BOP staff to identify "unusual or extraordinary circumstances" to justify an RRC placement longer than six months. The district courts in *Krueger* and *Strong* found that this BOP guidance was an abuse of discretion because it deprived BOP staff of the ability to recommend RRC placement "unfettered by a presumptive six months cap." *Krueger*, 665 F. Supp. 2d at 483; *accord Strong*, 599 F. Supp. 2d at 563. But contrary to the reasoning in these decisions, the United States Court of Appeals for the Eighth Circuit has held that "the requirement that an inmate make a stronger showing under the statutory factors to justify an extended RRC placement does not categorically remove the opportunity for the BOP to exercise its discretion with respect to an entire class of inmates."

5

*Miller*, 527 F.3d at 758. Therefore, *Krueger* and *Strong* do not require the relief Winters seeks.

Because the record demonstrates that the BOP determined Winters's RRC placement on an individual basis in addition to permissibly considering the facility's resources, the Court overrules this objection.

Winters next argues that, contrary to the BOP's decision to delay his placement based on facility resources, the Waterloo RRC has bed space available between June 5, 2018 and March 30, 2019. Winters relies on an email from his sister, who called the Waterloo RRC and was told "there is plenty of bed space during that time." But Gustin's declaration explains that the BOP's placement determination takes into consideration the BOP's forecast of individuals who will need an RRC bed, including any potential court-ordered placement in an RRC, which is outside of the BOP's control and accounts for 80 to 90 percent of RRC placements in this region. Winters has not presented evidence to refute these facts. And his evidence does not indicate whether the RRC staff member who spoke to Winters's sister took these facts into consideration when answering her question about bed availability. Therefore, the Court overrules this objection.

Winters also objects to the R&R's analysis of *Ambrose v. Jett*, No. 13-cv-2343, 2013 WL 6058989, at *8 (D. Minn. Nov. 15, 2013). According to Winters, *Ambrose* establishes that "the Court can order [Winters] released." To be sure, *Ambrose* is an example of a circumstance in which a district court issued such an order. But as the R&R correctly observes, *Ambrose* is materially distinguishable from this case. Unlike the circumstances here, *Ambrose* involved an RRC placement decision made by an

6

independent contractor rather than by the BOP. *Id.* Because *Ambrose* is inapposite, the Court overrules this objection.

Finally, Winters argues that the BOP has violated his constitutional right to equal protection because other inmates are receiving RRC placements for a longer duration than his RRC placement. To establish a violation of the Equal Protection Clause of the United States Constitution, Winters must demonstrate, among other things, that he was treated differently from others who are similarly situated to him in all relevant respects. *Carter v. Arkansas*, 392 F.3d 965, 968-69 (8th Cir. 2004). Winters has not provided any details about the other inmates who he alleges received longer RRC placements than he received, let alone demonstrated that he is similarly situated to them. For this reason, Winters's equal-protection argument also fails to establish that the relief he seeks is warranted.

In summary, because Winters's objections do not establish a legal basis for rejecting or modifying the R&R, the Court overrules the objections.

Because Winters does not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder*, 73 F.3d at 795. Having carefully performed this review, the Court finds no clear error and adopts the R&R.

**ORDER**

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Bradley L. Winters's objections to the May 25, 2018 R&R, (Dkt. 20), are **OVERRULED**;

2. The May 25, 2018 R&R, (Dkt. 19), is **ADOPTED**;

3. Petitioner Bradley L. Winters's petition for a writ of habeas corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DENIED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 13, 2018

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge